UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARIUS R. THERIOT,

        Petitioner,        Case Number: 2:11-CV-14095

v.        HONORABLE SEAN F. COX

PEOPLE OF THE STATE OF
MICHIGAN,

        Respondent.
_____/

## ORDER OF DISMISSAL

This is a habeas corpus proceeding filed by Petitioner Darius R. Theriot under 28 U.S.C. § 2254. Petitioner is presently incarcerated at the Wayne County Jail in Detroit, Michigan. Because Petitioner has not exhausted his state court remedies with respect to the claims asserted in his petition, the Court dismisses the petition without prejudice.

**I.**

According to the petition, following a preliminary examination, Petitioner was bound over for trial on one count of first-degree murder, three counts of assault with intent to commit murder, commission of a felony with a firearm, and possession of a firearm by a felon. He has been remanded into custody, pending a trial in the Wayne County Circuit Court. Petitioner appears to challenge the legality of his custody on the following grounds: (i) false arrest; (ii) false imprisonment; (iii) Fourth Amendment violated by improper seizure; (iv) right to due process violated; (v) he was prevented from

entering a guilty plea; (vi) double jeopardy violation; (vii) compelled self-incrimination; (viii) denied access to attorney; (ix) Eighth Amendment violated because Petitioner is charged with crimes he did not commit; and (x) prosecutor improperly attempting to enslave Petitioner for life.

## II.

As an initial matter, Petitioner has filed the pending petition under 28 U.S.C. § 2254. Section 2254 is an appropriate avenue for habeas corpus relief where a petitioner claims to be "in custody pursuant to the judgment of a State court" in violation of the Constitution. 28 U.S.C. § 2254(a). In the pending case, Petitioner is awaiting trial and therefore is not incarcerated pursuant to a state court judgment. Pretrial petitions are properly brought under 28 U.S.C. § 2241 which applies to persons who are in custody without regard to whether final judgment has been rendered. *See Atkins v. People of the State of Michigan*, 644 F.2d 543, 546, n.1 (6th Cir. 1981). Thus, this Court will construe the petition as having been filed pursuant to 28 U.S.C. § 2241.

## III.

### A.

Upon the filing of a habeas corpus petition, the Court must promptly examine the petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 cases. If the Court determines that the petitioner is not entitled to relief, the Court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994)

("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). The Rules Governing Section 2254 cases may be applied at the discretion of the district court judge to petitions not filed under § 2254. *See* Rule 1(b), Rules Governing Section 2254 Cases. The claims presented in the habeas petition are unexhausted and therefore do not present grounds upon which this Court may grant habeas relief at this time. Accordingly, the petition will be dismissed without prejudice.

**B.**

Title 28 U.S.C. § 2241 confers upon federal courts jurisdiction to consider pretrial habeas corpus petitions. *Atkins*, 644 F.2d at 546. However, "courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner." *Id.* Abstention from intrusion into state court proceedings is justified by the doctrine of comity which reduces friction between state and federal court systems by providing state courts the opportunity to correct a constitutional violation in the first instance. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). The requirement that a habeas petitioner exhaust state court remedies before seeking relief in federal court "protect[s] the state courts' opportunity to confront initially and resolve constitutional issues arising within their jurisdictions and to limit federal judicial interference in state adjudicatory processes." *Id.* State prisoners in Michigan must raise each claim in the Michigan Court of Appeals and in the Michigan Supreme Court before seeking federal

habeas corpus relief. *See Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).

Petitioner's claims may be resolved in the pending state court criminal proceeding or on appeal. Petitioner, therefore, must await resolution of his claims at trial and, if he is convicted, on appeal before he can file a habeas corpus petition. *Accord Campbell v. Zych*, No. 08-14804, 2009 WL 377081, *2 (E.D. Mich. Feb. 11, 2009) (summarily dismissing habeas petition filed by pretrial detainee where claims had not been exhausted); *Jenkins v. Montgomery County Jail*, 641 F. Supp. 148 (M.D. Tenn. 1986) (dismissing habeas petition filed by pretrial detainee alleging due process violations where petitioner failed to provide state courts with initial opportunity to pass upon claims).

A federal court may "sometimes appropriately interfere by habeas corpus in advance of final action by the authorities of the State," but such cases are "exceptional" and of "great urgency." *Urquhart v. Brown*, 205 U.S. 179, 182 (1907); *Smith v. Evans*, No. 08-11188, 2008 WL 880007, *2 (E.D. Mich. March 31, 2008). Petitioner has failed to allege any urgent circumstances sufficient to warrant interference by this Court in a matter pending in state court.

## IV.

For the foregoing reasons, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**. Furthermore, reasonable jurists would not debate the Court's assessment of Petitioner's claims, nor conclude that the issues deserve encouragement to proceed further. The Court therefore **DENIES** a certificate of appealability under 28 U.S.C. § 2253(c)(2).


Dated: October 25, 2011                    S/ Sean F. Cox
                                           U. S. District Court Judge


I hereby certify that on October 25, 2011, the foregoing document was served upon counsel of record by electronic means and upon Darias Theriot by First Class Mail at the address below:

Darias Theriot
11-16725
Wayne County Jail - Division 2
525 Clinton St
Detroit, MI 48226

Dated: October 25, 2011                    S/ J. Hernandez
                                           Case Manager